IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TODD CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-10-0605-HE |
| | ) | |
| EAGLEMED, LLC, d/b/a BALLARD | ) | |
| AVIATION, BALLARD AVIATION, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Todd Curtis filed this action against defendants Eaglemed, LLC d/b/a Ballard Aviation and Ballard Aviation, Inc., asserting Title VII claims based on gender discrimination and retaliation. He also asserts state law claims for negligent supervision, training, and retention, and a Burk tort. Defendants filed two separate motions seeking to dismiss the state law claims. They argue that, because plaintiff's Title VII claims are premised on a theory of vicarious liability, he cannot also, under Oklahoma law, assert a negligence claim. They also argue that the court lacks jurisdiction to decide the Burk tort claim because of plaintiff's failure to timely exhaust his administrative remedies. Plaintiff has responded and the motions are now at issue.

## DISCUSSION

"It is well settled that Oklahoma recognizes a cause of action for negligent hiring and retention." Jordan v. Cates, 935 P.2d 289, 292 (Okla. 1997). Defendants contend, however, that this theory of recovery is not available where the employer may also be held vicariously liable for the allegedly tortious acts of its employee. *See* N.H. v. Presbyterian Church

(U.S.A.), 998 P.2d 592, 600 (Okla. 1999) ("In Oklahoma, the [negligent retention] theory of recovery is available if vicarious liability is not established."). Defendants assert that since they are potentially subject to vicarious liability under plaintiff's Title VII claims, plaintiff should be barred from also asserting a negligent supervision and retention claim.

Defendants' argument is at least premature. It is true that an employee's establishment of vicarious liability as to his employer would ordinarily make a negligent supervision and retention claim against the employer unnecessary and superfluous. However, such liability has not yet been established in this case. Oklahoma law recognizes that "the theory of negligent hiring and retention *is available* . . . in a case where vicarious liability *has not been established*." Jordan, 935 P.2d at 293 (emphasis added). Here, vicarious liability has not been stipulated to nor has it been otherwise established. The grounds for negligence and Title VII theories of recovery are not identical and it is premature to assume that the underlying facts relied on here for each claim are necessarily identical. There is therefore no basis for dismissing plaintiff's negligence claim (or for forcing him to elect between them) at this point in the case.

Defendants also contend that negligent hiring and retention claims are normally made by injured third-parties rather than employees of a defendant, and that, as plaintiff is not a third party, his claim should therefore be dismissed. While the scenarios giving rise to this tort typically involve claims by third parties, defendant cites to no Oklahoma authority

suggesting that *only* such third-party claims would qualify.[1]  Further, it is not clear whether, for purposes of this tort, Oklahoma would view an employee's claims as those of a third party.  Given the apparent lack of controlling authority on point and the very abbreviated discussion of the issue by the parties, the court declines to dismiss the negligence claim on the basis of plaintiff's employee status.  If otherwise appropriate, defendant may re-raise the issue by summary judgment motion.

The court does, however, concur with defendants' argument that plaintiff's Burk tort claim for gender discrimination and retaliation under the Oklahoma Anti-Discrimination Act ("OADA") is time-barred.  A jurisdictional prerequisite to filing a Burk tort for employment discharge in violation of public policy is the exhaustion of the procedural requirements of the OADA.  Among those is the requirement that a person claiming to be aggrieved from a "discriminatory practice" file a complaint with the Oklahoma Human Rights Commission ("OHRC") "within one hundred eighty (180) days after the alleged discriminatory practice occurs." 25 Okla. Stat. § 1502(A); *see* Atkinson v. Halliburton Co., 905 P.2d 772, 774-75 (Okla. 1995); Barnham v. K Mart Corp., No. 10-CV-0401, 2010 WL 3650684, at *4 (N.D. Okla. Sept. 14, 2010) ("Filing a charge of discrimination with the OHRC within 180 days of the alleged discriminatory conduct is a jurisdictional prerequisite to suit in cases of disability discrimination.").

Here, plaintiff alleges he was terminated on or around June 24, 2009, in retaliation for

---

[1]*Plaintiff indicates he has also located no Oklahoma authority addressing the issue.*

3

his complaints regarding gender discrimination. He did not, however, file a complaint with the OHRC until March 8, 2010—well past the 180-day limit.[2] Plaintiff argues that, unlike the cases cited by defendants, his claims do not involve age discrimination, and he was therefore not required to exhaust his administrative remedies. Plaintiff's argument fails to recognize the scope of the OADA. *See* 25 Okla. Stat. § 1101 (purpose of the act is to execute "the policies embodied in the federal Civil Rights Act of 1964, the federal Age Discrimination in Employment Act of 1967," and other statutes pertaining to discrimination). The OADA's procedural requirements apply to any "discriminatory practice," including those alleged in this case.[3] *See* 25 Okla. Stat. § 1502(A). As those requirements were not met here, plaintiff's Burk tort claim for gender discrimination and retaliation is barred for non-compliance with the OADA.

Accordingly, defendants' motion to dismiss plaintiff's negligent supervision, training, and retention claim [Doc. #17] is **DENIED**, and defendants' motion to dismiss plaintiff's Burk tort [Doc. #22] is **GRANTED.**

---

[2]*The filing date is not referenced in the complaint. However, as the OHRC filing is referenced in the complaint, is central to this issue, and its authenticity is not disputed by the parties, the court can consider it without converting the present motion into one for summary judgment. Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002).*

[3]*The OADA provides that "[i]t is a discriminatory practice for an employer . . . to discriminate against an individual . . . because of race, color, religion, sex, national origin, age, or handicap . . . ." 25 Okla. Stat. § 1302.*

4

**IT IS SO ORDERED**.

Dated this 21st day of January, 2011.

JOE HEATON
UNITED STATES DISTRICT JUDGE